FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 13, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROY D. CHEESMAN,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN GRAF, TIA ROSS, NANCY WILLBANKS, BEN MOUNT, and ELLENSBURG SCHOOL DISTRICT,<br><br>    Defendants. | No. 1:17-cv-03029-SAB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendants' Motion for Summary Judgment, ECF No. 10. The motion was heard without oral argument. Defendants are represented by Brian Christensen. Plaintiff is proceeding *pro se*.

### Summary Judgment Motion Standard

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** ~ 1

go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. *Smith v. University of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**Background Facts**

Defendants filed a Statement of Uncontroverted Facts. ECF No. 11. In the Notice to Pro Se Litigants of the Summary-Judgment Rule Requirements, Plaintiff was instructed that his response must consist of a memorandum, containing factual assertions and legal authority opposing the summary-judgment motion, a statement of disputed facts as require by Local Rule 56.1(b) and evidence supporting his claims. ECF No. 15. Plaintiff did not file a Statement of Disputed Facts. For purposes of this motion, then, the Court construes the facts in the light most favorable to Plaintiff, the non-moving party, but uncontroverted facts will be taken as true.

In his Complaint, Plaintiff alleges that during the time his children attended school in the Ellensburg School District, he complained about the way they were treated and Defendants retaliated against them as a result. He listed specific instances of wrongful conduct undertaken by Defendant Ben Mount, Defendant

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** ~ 2

Tia Ross, and Defendant John Graf. He alleges that Defendant Ben Mount used the police to make sure that his son would not be able to ride the bus. He alleges that Defendant Tia Ross high-fived and hugged the students in her class, causing them potential harm. Plaintiff complained about this and she retaliated against his child. Ms. Ross got angry with him when he asked her to ensure that his child does not play on the metal playground equipment. She intentionally dropped books while his child was reading, which frightened his child. She mashed a Hispanic student's face who was talking to her to quiet the student while she was talking to a co-worker. Defendant John Graf took a picture of his child, concealed it, then called CPS and the police.

Plaintiff filed suit in Kittitas County Superior Court, alleging four causes of actions: (1) conspiracy against civil rights; (2) prohibition against discrimination or segregation in places of public accommodation; (3) intentional infliction of emotional distress; and (4) malicious prosecution. Plaintiff is seeking $5,000,000 together with attorney's fees and court costs. Defendants removed the action to the Eastern District of Washington and now move for summary judgment on all of Plaintiff's claims.

**Analysis**

**1. Conspiracy to Violate Civil Rights**

In Claim 1 of his Complaint, Plaintiff alleges that Defendants conspired to injure, oppress, threaten and intimidate Plaintiff regarding his civil rights.

In order to prove a private conspiracy in violation of 42 U.S.C. § 1985(3), which prohibits two or more persons from conspiring to deprive any person or class of persons of the equal protection of the law, a plaintiff must establish: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) the resulting injury. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000). Here, Plaintiff has not met his burden of establishing that an unlawful conspiracy existed to

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** ~ 3

violate his civil rights. There are no facts in the record for a reasonable jury to infer from the circumstances that the alleged conspirators had a "meeting of the minds" and reached an understanding to achieve the conspiracy's objectives. *See Mendocino Environmental Center v. Mendocino Cnty.*, 192 F.3d 1283, 1302 (9th Cir. 1999). As such, summary judgment is appropriate on Plaintiff's civil conspiracy claim.

### 2. Discrimination / Segregation in Public Accommodations

In Claim 2 of Complaint, Plaintiff asserts Defendants violated "42 U.S.C. § 2000a, § 1983, § 1985 (3), and 18 U.S.C. § 241 of Civil Rights Act of 1964." ECF No. 1, Ex. 1. He captioned this claim: Prohibition Against Discrimination or Segregation in Places of Public Accommodations.

42 U.S.C. § 2000a(a) provides:

> **(a) Equal access**
> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

The statute defines "place of public accommodation" as "[e]stablishments affecting interstate commerce or supported in their activities by State action," including but not limited to lodgings, facilities principally engaged in selling food for consumption on the premises, gasoline stations, and places of exhibition or entertainment. *Id.* at § 2000a(b). A plaintiff pursuing a Title II claim cannot recover damages. *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 401–02 (1968) ("When the Civil Rights Act of 1964 was passed, it was evident that enforcement would prove difficult and that the Nation would have to rely in part upon private litigation as a means of securing broad compliance with the law...If [plaintiff] obtains an injunction, he does so not for himself alone but also as a

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** ~ 4

'private attorney general,' vindicating a policy that Congress considered of the highest priority."). Here, Plaintiff is seeking only damages and not injunctive relief and as such, summary judgment on Claim 2 is appropriate.

Even if Plaintiff was seeking injunctive relief, Plaintiff has not shown that a reasonable jury could conclude that Defendants violated Title II of the Civil Rights Act. District courts that have looked at this issue have concluded that public schools are not places of accommodation covered by the Title II. *See Deberry v. Davis*, 2010 WL 1610430 (M.D. N.C. April 19, 2010); *Harless v. Darr,* 937 F. Supp. 1351, 1354 (S.D. Ind. 1996) ("[S]chools [a]re not 'public accommodations' within the meaning of Title II of the Civil Rights Act of 1964.").

### 3. Supplemental Jurisdiction

The Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (instructing that if federal claims are dismissed prior to trial, state law claims should be dismissed, as "a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). As such, the remaining state law claims are remanded to Kittitas County Superior Court.

//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** ~ 5

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, ECF No. 10, is **GRANTED**.
2. The remaining state law claims are **remanded** to Kittitas County Superior Court.
3. The District Court Executive is directed to enter judgment in favor of Defendants and against Plaintiff with respect to Claims 1 and 2.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel and Plaintiff, and close the file.

**DATED** this 13th day of February 2018.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 6**